UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| REYNA del CARMEN RODRIGUEZ-JANDREZ, )<br>  )<br>Petitioner, )<br>  )<br>v. )<br>  )<br>SAMUEL OLSON Field Office Director of )<br>Enforcement and Removal Operations, Chicago )<br>Field Office, Immigration and Customs )<br>Enforcement, in his official capacity, )<br>KRISTI NOEM Secretary, U.S. Department of )<br>Homeland Security, in her official capacity, )<br>PAMELA BONDI US Attorney General, in her )<br>official capacity, )<br>TODD LYONS Acting Director of US )<br>Immigration and Customs Enforcement, in his )<br>official capacity, )<br>SCOTT A. MAPLES, JR. Sheriff, Clark County )<br>Jail, in his official capacity, )<br>  )<br>Respondents. ) | Case No. 4:25-cv-00248-TWP-KMB |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR A WRIT OF HABEAS CORPUS**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Reyna del Carmen Rodriguez-Jandrez. ("Rodriguez-Jandrez ") (Dkt. 1). Rodriguez-Jandrez seeks a writ requiring that she be released from U.S. Immigration and Customs Enforcement ("ICE") detention or, alternatively, that she receives a bond hearing. *Id*. Because the undisputed facts demonstrate that Rodriguez-Jandrez is eligible for bond and that the Respondents have not afforded her a hearing, the Court **grants** her petition **in part**, by directing that she be afforded a bond hearing or released from detention, and **denies in part** other requested relief.

I.  **FACTS**

The parties to do not dispute the material facts.

Rodriguez-Jandrez is a Salvadoran national. She entered the United States with a minor child in 2016 and was apprehended near Hidalgo, Texas. (Dkt. 1 ¶¶ 47–48; Dkt. 10-3 at 1). In late October 2025, she was transferred to the Clark County Jail in Jeffersonville, Indiana, where she presently remains detained without bond. *Id*. at 2 ¶ 3. The federal Respondents Pamela Bondi, Todd Lyons, Kristi Noem, and Samuel Olson ("the Government") initiated removal proceedings, but there is no indication she was detained during the pendency of those proceedings. Indeed, the Respondents do not contest Rodriguez-Jandrez's representation that she "regularly appeared before the Chicago Immigration Court for removal proceedings." (Dkt. 1 ¶ 48).

The Government dismissed the removal proceedings in March 2022. (Dkt. 1-3). No evidence indicates that Rodriguez-Jandrez was subjected to detention at all during the next 41 months.  In October 2025, Border Patrol Agent Joshua Bee ("Agent Bee") approached Rodriguez-Jandrez on the street in Carpentersville, Illinois. (Dkt. 10-1 at 3–4). Without any documented provocation, Agent Bee asked Rodriguez-Jandrez "if she possessed documentation allowing her to be in the United States legally." *Id.* at 4. She admitted she did not, was arrested, and has been detained at ICE's direction since then.

The Government initiated new removal proceedings in December 2025—nearly six weeks after Rodriguez-Jandrez was detained. (Dkt. 10-3). Her attorney made multiple requests for a bond hearing both in Clark County, Indiana and at the Chicago Immigration Court, where previous removal proceedings were held. (Dkt. 1-2). Each was rejected—possibly because the Government had not actually initiated removal proceedings yet. *Id.* The record reflects that Rodriguez-Jandrez has not yet appeared before an immigration judge or received any consideration of her eligibility

for bond. (Dkts. 15, 16). On December 18, 2025 Rodriguez-Jandrez filed this Petition seeking immediate release, or a bond hearing and award of attorney's fees and costs. (Dkt. 1 at 15).

## II.  ANALYSIS

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rodriguez-Jandrez contends that, by detaining her without considering bond, the Government is holding her in custody in violation of both the Immigration and Nationality Act and the Fifth Amendment's due process protections. The Government argues in response that she must be detained under 8 U.S.C. § 1225 or, alternatively, that this Court lacks jurisdiction to review the Attorney General's discretionary decision to withhold bond. Alternatively, the Government argues, she is entitled to at most a bond hearing.

### A.  Detention Under § 1226

Rodriguez-Jandrez argues that her arrest and detention dictate that her detention must be governed by 8 U.S.C. § 1226(a):

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> >
> > (B) conditional parole[.]

The Respondents answer that Rodriguez-Jandrez's detention is governed by 8 U.S.C. § 1225(b)(2)(A), which directs that "an alien who is an applicant for admission . . . shall be detained" for the pendency of removal proceedings. They insist that, because Rodriguez-Jandrez

not been admitted to the United States by immigration officials, and because she opposes her removal, she is an "alien who is an applicant for admission" and therefore subject to compulsory detention under § 1225(b)(2)(A). Dkt. 10 at 6–8. The Court agrees with Rodriguez-Jandrez for two reasons.

First, the Respondents' interpretation of § 1225(b)(2)(A)—that every unadmitted alien arrested inside the United States, no matter how long after arriving, is an applicant for admission subject to mandatory detention—has been consistently rejected. The Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts have rejected the Government's interpretation. *See, e.g.*, *Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior of the United States for years."); *Mohammed v. Olson*, No. 1:25-cv-02404-TWP-MKK, Dkt. 12, at *3–5 (S.D. Ind. Dec. 10, 2025). "As this Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Perez Reyes*, 2025 WL 3755928 at *3 (citing *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D.

4

Ind. Oct. 11, 2025)). The Respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 10 at 1. The Respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.

Second, even if the Respondents' legal reasoning was more persuasive, it could not be reconciled with the facts of this case. It is not as though Rodriguez-Jandrez has evaded immigration authorities since she entered the United States in 2016. The Government apprehended her near the border shortly after she entered the United States. The Government initiated removal proceedings against her but did not detain her for the nearly five years they were pending. When the Government terminated its removal proceedings, it still did not detain Rodriguez-Jandrez. The Government insists that it cannot exercise its discretion to release Rodriguez-Jandrez, but that is precisely what it did for nine years.

As Judge Barker previously reasoned, an alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for discretionary release under § 1226(a)(2); the provisions can only exist harmoniously if they apply to separate classes of aliens. *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025). The Government exercised its discretion to release Rodriguez-Jandrez; it cannot now insist that she is categorically ineligible for discretionary release. *Id.* (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he Government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the Government has instead

5

placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000)).

**B.     Jurisdiction Under § 1226(e)**

The Respondents also argue that, even if Rodriguez-Jandrez's detention is governed by § 1226, then § 1226(e) deprives the Court of jurisdiction over her claim. This argument collapses under its own weight. Section 1226(e) precludes review of the "Attorney General's discretionary judgment regarding the application of" § 1226 to detain an alien or revoke or deny bond or parole. The Attorney General has not rendered a discretionary judgment under § 1226. She has not rendered any judgment at all. She has not considered the possibility of bond or parole and therefore has not revoked or denied it.

Rodriguez-Jandrez was randomly taken off the street and jailed. She has not received a hearing. The Government has not made a discretionary decision to detain her. It insists that it has no discretion. Section 1226(e) does not apply to this case.

**C.     Relief Available**

Rodriguez-Jandrez argues that her detention violates the Constitution and laws of the United States because her detention is governed by § 1226 and the Government refuses to consider whether she may be released on bond as required by the statute. She contends that this violates both § 1226 and the Fifth Amendment and asks that the Court order that she be released immediately.

Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Whether viewed through the scope of § 1226 or the Fifth Amendment, the appropriate relief for Rodriguez-Jandrez is a bond hearing—not immediate release. She maintains—and the Court agrees—that he is subject to § 1226, which allows the

6

Government to "continue to detain" her. 8 U.S.C. § 1226(a)(1). Rodriguez-Jandrez's custody is not unlawful because of the very fact that she is detained. Rather, her custody is unlawful because the Government refuses to consider whether she may be released as the law requires.

### III.    CONCLUSION

The Petition for Writ of Habeas Corpus, Dkt.[1] is **GRANTED in part** insofar as the Respondents will have **seven days** to certify that Rodriguez-Jandrez has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **DENIED in part**, to the extent it seeks other relief.[1] The **clerk is DIRECTED** to enter **final judgment**.

IT IS SO ORDERED.

**Date:** February 26, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Joshua G Herman
Law Office of Joshua G. Herman
jherman@joshhermanlaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

---

[1] The Rodriguez-Jandrez's request for attorney's fees and costs, Dkt. 1 at 15, is **denied as presented**. Such request must be raised by separate motion. Fed. R. Civ. P. 54(d); S.D. Ind. L.R. 54-1.